## WYATT v. CLEPPER.

1. *Semble;* where the burthen of proving the fairness of a sale made by a sheriff, is thrown upon a defendant he may inquire whether the property did not sell for as much as such property usually brought at sheriff's sale.

2. *Semble;* a deputy sheriff, who has levied a *fieri facias,* may bid for and purchase the property at a sale made by his principal.

WRIT of Error to the Circuit Court of Autauga.

This was an action of trover, by the plaintiff in error, against the defendant, in which the declaration alleges the conversion of two thousand bushels of corn. The cause was tried on the plea of "not guilty." On the trial, the plaintiff excepted to the ruling of the court. From the bill of exceptions, it appears that the defendant about the first of February, 1841, removed from the plaintiff's plantation one hundred and fifty bushels of corn. The defendant proved that S. P. Wallace, was at that time the sheriff of Autauga, and that he was his regular deputy; that in that character he levied an execution placed in his hands by his principal, a few days previously, on the corn, which he removed. That in virtue of that levy Wallace sold the corn to A. Hill; while the sheriff was crying it, both Hill and the defendant bid, when the sheriff jestingly remarked, that they had better compromise the matter and divide the corn between them, but the defendant and Hill still continued to bid. The defendant's counsel then inquired of Wallace, if the corn did not sell for as much as corn usually sold for at sheriff's sales, to which question the plaintiff objected, but the objection was overruled, the question was answered, and the plaintiff excepted.

The court instructed the jury, that any arrangement, or combination between the defendant and Hill, to buy the corn for less than its value, or divide it after the purchase, or any neglect to advertise the sale, did not affect the validity of the sale against the defendant, unless there was a combination between Hill the defendant, and the sheriff, and it was carried out at the sale, while the latter was acting as sheriff. In a sale by the sheriff, the defendant could not be considered as his deputy, and as such, forbidden to purchase. The plaintiff then moved the court to instruct the jury, that if from the testimony they believed that the defendant was a deputy of the sheriff of Autauga, that he levied an execution on the corn, that the sheriff sold it, that whilst the defendant and Hill were both bidding for it, the sheriff suggested to them, they had better compromise the matter, that Hill bought the corn and divided it with defendant, who took it from the plaintiff's house, then they must find for the plaintiff; which instructions were refused. The jury returned a verdict for the defendant, and a judgment was thereupon rendered.

PRYOR, for the plaintiff in error.

No counsel appeared for the defendant.

COLLIER, C. J.—The facts of this case may be thus succinctly stated; the defendant in virtue of an execution, which he held as a deputy sheriff, levied on the plaintiff's corn, which he removed in a few days; that under the execution and levy, the sheriff sold it, and A. Hill became the purchaser; Hill and defendant both bid at the sale, and the sheriff jestingly remarked to them, that they had better compromise and divide the corn; after which they continued to bid against each other. In all this we discover nothing which entitles the plaintiff to recover for a conversion against the defendant, if the case had been submitted to the court on a demurrer to evidence. The inquiry then, as to the price at which the corn sold, was wholly unimportant; but if the burthen of proving the fairness of the sale had been thrown upon the defendant, we can discover no objection to the question, whether it did not sell for as much as was usual at sales by the sheriff. Such sales we are aware are not always a proper test of value, owing to different causes which need not be particularized; and it would therefore seem quite as pertinent to ask the question in the form in which it was proposed by the defendant as to inquire if the corn sold at the usual market price.

The question whether a deputy could buy property at a sale made by the sheriff, did not arise out of the facts, as it was shown that although he bid, he did not become the purchaser. But we would remark without intending to adjudicate the point, that we cannot very well conceive upon what principle such a privilege should be denied him; the case does not come within the reason of the rule, which inhibits one from purchasing at a sale made by himself, nor does it seem to us to involve any question of policy.

The charge of the court, that no combination between the defendant and Hill, unless connived at or participated in by the sheriff, as well as that prayed upon the same point, were not called for by the evidence, and whether given, or withheld, could not have prejudiced the plaintiff. They present grave questions, and open an extensive field for legal inquiry, which, as it is unnecessary, we decline entering upon. Our conclusion is, that the judgment of the circuit court must be affirmed.